**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elie K. Mamboleo, | No. CV-14-00648-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Wells Fargo Bank NA, et al., | |
| Defendants. | |

Plaintiff Elie Mamboleo has filed a motion to remand. Doc. 17. Defendant Wells Fargo Bank NA has filed a response in which Defendant Chex Systems, Inc. has joined. Docs. 22, 23. No party has requested oral argument. The Court will deny the motion.

Plaintiff commenced this action on February 27, 2014, in Maricopa County Superior Court. Doc. 1-1 at 26. Plaintiff's complaint appears to assert state law claims as well as claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). *Id.* at 29. Chex Systems filed a notice of removal on March 28, 2014, to which Wells Fargo consented. Doc. 1.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's complaint appears to assert claims under two federal statutes, the FDCPA and the FCRA. Doc. 1-1 at 26-32. Plaintiff does not deny in his motion that

he asserts claims under these statutes. Because the Court would have original jurisdiction over these claims (*see* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), they can be removed. The Court may exercise supplemental jurisdiction over state law claims that "are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). Plaintiff's state and federal claims appear to arise out of the same facts.

28 U.S.C. § 1446(b) provides that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading[.]" Plaintiff's complaint was filed on February 27, 2014, and the notice of removal was filed less than 30 days later on March 28, 2014. Thus, Defendants' removal was timely.

Finally, both Defendants joined the removal. Section 1446(2)(A) states that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(2)(A). Chex Systems' notice of removal notes that Wells Fargo consented. Doc. 1 at 3. Wells Fargo's response to Plaintiff's motion confirms that it consented to removal. Doc. 22 at 6. Plaintiff cites 28 U.S.C. § 1441(b)(2) as requiring a "signed joint paper for removal," but that provision deals with diversity of citizenship not federal question jurisdiction. The Court therefore concludes that this action was properly removed.

**IT IS ORDERED:**

1. Plaintiff's motion to remand (Doc. 17) is **denied**.
2. Plaintiff's motion to stay this action pending a ruling on the motion to remand (Doc. 24) is also **denied**.

Dated this 21st day of May, 2014.

_____
David G. Campbell
United States District Judge