**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elie K. Mamboleo,<br><br>                Plaintiff,<br><br>v.<br><br>Wells Fargo Bank NA, et al.,<br><br>                Defendants. | No. CV-14-00648-PHX-DGC<br><br>**ORDER** |

      Plaintiff Elie Mamboleo has filed a motion to vacate (Doc. 31) the Court's May 21, 2014 order (Doc. 28) denying his motion to remand (Doc. 17). Plaintiff's motion also requests to stay Plaintiff's response to pending motions to dismiss (Docs. 11, 12). The Court construes this as a motion for reconsideration and will deny the motion.[1]

      Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct.15, 2009). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v.*

---

[1] Plaintiff's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

*Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *Id.*; *see N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Plaintiff has failed to show that any of these circumstances exist here. Rather, he asserts that the Court misread his "well-pleaded, crystal clear claims" in its May 21, 2014 order and requests that the Court rethink its analysis. Doc. 31 at 7. The question before the Court in the May 21 order was whether removal of this case from Maricopa County Superior Court was proper. The Court concluded that the removal was proper because Plaintiff's complaint contained federal claims, notice of removal was timely filed, and both defendants properly joined in the removal. *See* Doc. 28. Plaintiff continues to contend that his complaint does not assert claims under federal law and again requests that the case be remanded. The Court will not remand this case to state court simply because Plaintiff states that "no claim is brought under the federal law." Doc. 31 at 2. If Plaintiff does not intend to pursue federal claims, he would be required to amend his complaint accordingly.

Although Plaintiff may not wish to pursue any federal claims, federal claims do appear on the face of his complaint. Plaintiff's complaint states that Defendant Wells

1 Fargo Bank, NA "engaged in unlawful, intended deceptive and abusive acts" and that he
2 was subjected to "unfair debt collections and false statements[.]" Doc. 1-1 at 29.
3 Plaintiff cites "the Fair Debt Collection Practices and Reporting Acts" in support of this
4 claim. *Id.* Plaintiff makes similar allegations against Defendant Chex Systems, stating
5 that it pursued "malicious debt collection practices involving . . . [a] false amount owed,"
6 and again cites the FDCPA and FCRA as support for this claim. *Id.* at 30. Plaintiff again
7 cites the FCRA in support of his allegation that Chex Systems failed "to provide to the
8 plaintiff all reported information." *Id.* at 31. Finally, the very first sentence of Plaintiff's
9 complaint states that he is bringing his complaint pursuant to "the Discovery Rule under
10 the FCRA, 15 U.S.C. 1681p[.]" *Id.* at 26. Because federal claims appear on the face of
11 the complaint, removal was proper and the Court has jurisdiction for the reasons set forth
12 in the Court's May 21, 2014 order. *See* Doc. 28.

13 The Court explained the May 21, 2014 order to Plaintiff during the case
14 management conference held on the same day. Doc. 29. Plaintiff indicated that he
15 understood the order and that he was able to file a response to the motions to dismiss
16 filed by Wells Fargo (Doc. 11) and Chex Systems (Doc. 12) within 14 days. Plaintiff's
17 motion does not provide a basis for extending this deadline.

18 **IT IS ORDERED** that Plaintiff's motion to vacate and motion to stay (Doc. 31) is
19 **denied**. Plaintiff must file a response to pending motions to dismiss (Docs. 11, 12) by
20 **June 4, 2014**.

21 Dated this 3rd day of June, 2014.

_____
David G. Campbell
United States District Judge